

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | CRIMINAL ACTION NO.: 4:19-198-MGL-7 |
| § | |
| TRAVIS MCCONICO, JR., § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

## I. INTRODUCTION

Pending before the Court is Defendant Travis McConico, Jr.'s (McConico) pro se motion to reduce his sentence due to the COVID-19 pandemic. To the extent McConico asks for a new place of confinement, this is outside the Court's authority. *See* 18 U.S.C. § 3621(b) (stating the Bureau of Prisons (BOP) shall designate the place of a prisoner's imprisonment). Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court McConico's motion to reduce his sentence will be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

The grand jury indicted McConico on four counts of conspiring with others to knowingly, intentionally, and unlawfully possess with intent to distribute and did distribute a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 (Counts One, Six, Seven, Eight); and, a forfeiture account. Remaining counts were lodged against his co-defendants.

On July 11, 2019, McConico pled guilty to County Eight. Counts One, Six, and Seven were dismissed. On September 5, 2019, the Court sentenced McConico to a term of ninety-two months of imprisonment as to Count Eight, and upon release, a term of three years on supervised release with mandatory and standard conditions. McConico is currently housed at United States Penitentiary Atlanta (USP Atlanta), and has a projected release date on or about June 22, 2025.

He filed this motion seeking compassionate release due to the COVID-19 pandemic, and the government responded. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

## III. STANDARD OF REVIEW

A court may modify a term of imprisonment under only three specific circumstances. First, a court may modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

And third, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, permits modification of a term of imprisonment upon motion of the defendant after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A)(i). If "extraordinary and compelling

reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission[,]" the Court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. *Id.* This statute also provides the Court must consider "the factors set forth in [S]ection 3553(a) to the extent that they are applicable[.]" *Id.*

The applicable Sentencing Commission policy statement referenced in Section 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)"). U.S.S.G. § 1B1.13 provides that the Court may reduce a term of imprisonment if the Court determines 1) "extraordinary and compelling reasons warrant the reduction,"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g),"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. §1B1.13. However, U.S.S.G. § 1B1.13 addresses motions for reductions that are filed by the Director of the BOP and it does not contain a policy statement that specifically addresses motions for reductions that are filed by an inmate defendant.

The Fourth Circuit recently issued a published opinion providing guidance on the arguments district courts can consider in determining whether "extraordinary and compelling" reasons exist to grant compassionate release. *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). In *McCoy*, the Fourth Circuit discerned "[t]here is of now no 'applicable' policy statement governing compassionate-release motions by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). Ultimately, the determination of whether extraordinary

and compelling reasons exist in a particular case is a question reserved to the sound discretion of the district court.

IV.     **DISCUSSION AND ANALYSIS**

McConico fails to argue either of the first two scenarios is applicable. Rather, he moves for a sentence reduction solely on the basis of the third circumstance, alleging COVID-19, when considered with his underlying medical conditions, qualifies as an extraordinary and compelling reason to warrant relief.

Prior to addressing the merits of McConico's motion, the Court will analyze whether the it has jurisdiction. The government concedes McConico "submitted a compassionate release request to the [W]arden at least [thirty] days before the motion at issue here, and the [g]overnment agrees the Court would have jurisdiction to resolve this claim on the merits." Government Resp. in Opp'n at 7 fn 2. Accordingly, the Court accepts the government's position and will decide McConico's motion on the merits.

Turning to the merits of McConico's motion, as discussed above, the Court may reduce a defendant's sentence if it concludes extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *McCoy*, 981 F.3d at 284. The Court must also consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

    *A.*    *Whether McConico presents extraordinary and compelling reasons warranting a reduction of his sentence*

McConico, in his motion, states he suffers from "acute medical deficits, including asthma and ulcerative colitis." Mot. at 1. The government contends his medical ailments are "being appropriately managed at his facility, which is also engaged in strenuous efforts to protect inmates

against the spread of COVID-19, vaccinate inmates and staff against COVID-19, and would act to treat any inmate who does contract COVID-19." Government's Resp. in Opp'n at 9. And, the government notes "[o]n April 12, 2021, BOP administered to [McConico] the second and final dose of the COVID-19 vaccine produced by Pfizer." *Id.*

Furthermore, and most importantly, evidence of McConico's current placement heavily weighs against a determination extraordinary and compelling reasons warrant a reduction in his sentence. According to the BOP COVID-19 case tracker, zero inmates at USP Atlanta is currently positive for COVID-19. *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 12, 2021). The lack of COVID-19 among the inmate population at USP Atlanta, the Court concludes, is due in part to the strong vaccination efforts of the BOP in general, as well as USP Atlanta in particular.

The BOP also maintains a website detailing the number of doses of the COVID-19 vaccine it has received and administered. *See COVID-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 12, 2021) (showing the BOP has administered 200,751 does out of 194,000 received, over a one-hundred-percent administration rate due to being able to extract a sixth dose out of a five-dose vile in certain circumstances). This website also notes the number of "Full Staff Inoculations Completed" as well as "Full Inmate Inoculations Completed" for each BOP facility. *Id.* According to this website, 218 employees of USP Atlanta have been fully vaccinated, as well as 685 inmates. *Id.* And, vaccine doses to inmates are "based on priority of need in accordance with CDC guidelines." *Id.*

Accordingly, the Court concludes McConico fails to demonstrate extraordinary and compelling reasons warrant a sentence reduction in light of the lack of COVID-19 among the inmate population at USP Atlanta, as well as the extraordinary and successful vaccination efforts

5

of the BOP. Alternatively, even if the Court concluded McConico demonstrated extraordinary and compelling reasons warranted a reduction in his sentence under Section 3582(c)(1)(A), his motion would be denied based on an analysis of the Section 3553(a) factors.

### B. *Whether the Section 3553(a) factors weigh in favor of release*

As noted above, the Court, in considering a motion for compassionate release, must consider the factors under 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes by the defendant;" "the kinds of sentences available;" "any pertinent policy statement[;]" "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

The Fourth Circuit recently noted in a published opinion, "the text of 18 U.S.C. § 3582(c)(1) does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release" and "§ 3582(c)(1) merely requires district courts to 'consider[]' the relevant § 3553(a) factors." *United States v. Kibble*, No. 20-7009, 2021 WL 1216543, at *4 fn 3 (4th Cir. Apr. 1, 2021) (quoting 18 U.S.C. § 3582(c)(1)). Thus, "this language [provides] the district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release." *Id.*

Here, the Court concludes the Section 3553(a) factors weigh heavily against release. The nature of McConico's crime, involvement in a drug conspiracy, is serious. The prevalence of the types of drugs involved in this conspiracy wreak havoc on countless communities and families throughout this country. McConico's criminal history is also serious, earning him a criminal

6

history score of VI.  *See* Presentence Investigation Report (PSR) ¶ 57.  Furthermore, a reduction in McConico's sentence would create a major sentencing disparity and fail to promote respect for the law as he has served only fifty months of his ninety-two month sentence.

Consequently, based on the Court's analysis and balancing of the Section 3553(a) factors, a reduction in sentence to release McConico is inappropriate.

IV.     **CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court McConico's motion to reduce his sentence is **DENIED**.

**IT IS SO ORDERED.**

Signed this 13th day of July 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE