IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: 4:19-cr-198-MGL |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| TRAVIS MCCONICO, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Government's Response to Defendant's Motion to Reduce Sentence
Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)**

Defendant Travis McConico, Jr. has filed a motion asking this Court to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A) for credits he alleges he would have received had he been admitted into the Bureau of Prisons (BOP) Residential Drug Abuse Program (RDAP). The United States respectfully opposes the motion. The Court should deny the motion without prejudice for Defendant's failure to exhaust administrative remedies. Should the Court reach the merits, it should deny the motion with prejudice because Defendant has not met his burden of establishing that a sentence reduction is warranted under the statute.

**Factual Background**

On July 11, 2019, Defendant pleaded guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). This Court sentenced him to 92 months of imprisonment. Based on Defendant's current projected release date of June 22, 2025, and with good time credit, he has served approximately 56 months of that sentence with 22 months remaining. He now moves under 18 U.S.C. § 3582(c)(1)(A) for a sentence reduction to account for credits he alleges he would have received were he admitted into RDAP.

**I.      The Defendant's Conviction and Request for a Sentence Reduction**

On February 26, 2019, a federal Grand Jury indicted Defendant, along with others, in a fourteen-count indictment. (ECF No. 4.) Defendant was named in four of those counts and charged with one count of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 (Count 1) and three counts of distribution and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts 6-8). (*Id.*) Defendant entered a guilty plea to Count 8 on July 11, 2019. (ECF No. 305.)

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), which outlined the offense conduct, Defendant's criminal history, and Defendant's Guidelines range. According to the PSR, Defendant's conduct involved participation in a drug conspiracy from approximately 2012 to 2018 by distributing cocaine in Sumter and Clarendon County, South Carolina. (PSR, ¶ 24.) During this time, Defendant distributed cocaine to a confidential informant during three controlled drug buys and was involved in a drug-related shooting in which witnesses indicated Defendant fired shots at individuals over drugs. (PSR, ¶¶ 25-35.) One individual indicated Defendant called the individual and stated he would kill the individual and their family if the individual did not bring the Defendant's drugs back. (PSR, ¶ 33.) Defendant received a two-level enhancement for making a credible threat to use violence or directing the use of violence base on the circumstances surrounding this incident. (PSR, ¶ 76.) In addition to the above, several cooperating subjects provided statements regarding Defendant's distribution of cocaine. (PSR, ¶¶ 36-39.) Defendant was ultimately held accountable for 1,203.88 grams of cocaine. (PSR, ¶ 40.)

The PSR also outlined Defendant's criminal history. Among other convictions, Defendant's prior convictions included two convictions for possession of cocaine base (PSR, ¶¶ 50, 53), a conviction for unlawful carrying of a pistol (PSR, ¶ 50), a conviction for possession of a sawed-off shotgun (PSR, ¶ 53), a conviction for criminal domestic violence (PSR, ¶ 51), a conviction for failure to stop for a blue light (PSR, ¶ 56), and one conviction each for distribution of cocaine base and distribution of cocaine base within proximity of a school or park (PSR, ¶ 57).

At sentencing, Defendant faced a Guidelines range of 110 to 137 months. (PSR, ¶ 110.) The Court sentenced Defendant on September 3, 2019, to 92 months of imprisonment. (ECF Nos. 339, 341.) Defendant did not file an appeal.

On May 26, 2021, Defendant filed a motion for compassionate release based on the COVID-19 pandemic. (ECF No. 603.) The Government filed a response in opposition. (ECF No. 606.) On July 13, 2021, the Court issued an Order denying Defendant's motion. (ECF No. 609.)

On July 7, 2023, Defendant filed the current motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on credits he alleges he would have received had he been admitted into the BOP's RDAP. (ECF No. 619.) According to the BOP, Defendant's projected release date is June 22, 2025, and Defendant's home detention eligibility date is December 22, 2024.

## II.     Legal Framework

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. Before filing that motion, however, the defendant must first request that BOP file such a motion on his or her behalf. § 3582(c)(1)(A). A court may grant the defendant's own motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed

3

"from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If that exhaustion requirement is met, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)–(C). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

In *United States v. McCoy*, 981 F.3d 271, 281–83 (4th Cir. 2020), the Fourth Circuit held the policy statement found in U.S.S.G. § 1B1.13—which applies to reductions in terms of imprisonment under § 3852(c)(1)(A)—does not apply to compassionate release motions *brought by inmates* under § 3582(c)(1)(A)(i).  Under *McCoy*, because § 1B1.13 specifies its applicability only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release.  *Id*.  In place of the no-longer-applicable policy statement, *McCoy* permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]"  *Id*. at 284.

As the court later explained in *United States v. High*, however, "§ 1B1.13, even though issued before Congress authorized defendant-filed motions, 'remains helpful guidance even when motions are filed by defendants.'"  997 F.3d 181, 186 (4th Cir. 2021) (quoting *McCoy*, 981 F.3d at 282 n.7).  "Both before and after the change authorizing defendant-filed motions, § 3582(c) continues to describe the substantive ground the same – that a court may reduce a sentence if it finds that extraordinary and compelling reasons warrant such a reduction."  *Id.* (internal alteration and quotation marks omitted).  And §1B1.13 "describes '*what should be considered* extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'"  *Id.* (emphasis in original).  Thus, *High* explained, although § 1B1.13 "is not applicable to *defendant-filed* motions under § 3582(c), it defines, in the medical context, the same substantive term that applies to *BOP-filed* motions.  One might reasonably believe therefore that the term 'extraordinary and compelling reasons' will be defined the same for *defendant-filed* motions."  *Id.* (emphasis in original).  Ultimately, however, "[n]o one source represents a dispositive standard for making an eligibility determination," and the Court "retains discretion to

5

choose the guidance it finds most pertinent in balancing the inmate's circumstances with the need for incarceration." *United States v. Bethea*, 54 F.4th 826, 832 (4th Cir. 2022).

### III. Arguments

This Court should deny Defendant's motion for a reduction in his sentence without prejudice because Defendant has failed to exhaust administrative remedies. Should the Court reach the merits of the motion, the Court should deny it with prejudice on either of two independently sufficient grounds. First, Defendant has not established that "extraordinary and compelling reasons" support a sentence reduction; second, Defendant has not met his burden to show that a reduction is warranted in light of the danger that Defendant would pose to the community and the relevant § 3553(a) factors.

#### A. This Court Should Deny the Motion Without Prejudice Because Defendant Has Not Exhausted Administrative Remedies

This Court lacks authority to act on Defendant's motion for a sentence reduction at this time. As explained above, § 3582(c) requires that a request for a sentence reduction be presented first to BOP for its consideration; only after 30 days have passed, or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on the defendant's behalf, may a defendant move for a sentence reduction in court. That restriction is a mandatory claim-processing rule. *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). It must be enforced if a party "properly raise[s]" it. *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (holding that Fed. R. Crim. P. 33, which permits a defendant to move for a new trial within 14 days of the verdict, is a nonjurisdictional but mandatory claim-processing rule). The Government raises the rule here, and it must be enforced. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (holding § 3582(c)(1)(A)'s 30-day requirement is an "unyielding procedural requirement" that "must be

enforced," and no equitable exception to the requirement exists to account for irreparable harm or futility).

Here, Defendant has not established that he has filed a request for a sentence reduction with the warden. The request provided by Defendant, which he asserts satisfies his requirement to exhaust administrative remedies, appears to be a request to be placed in the BOP's RDAP, not a request for a sentence reduction. (ECF No. 619-3.) This document indicates that he has been placed on the list awaiting space in RDAP and that as soon as space is available, he will be admitted. (*Id.*) Thus, Defendant has failed to establish that he filed a request for a sentence reduction with the warden.

Accordingly, Defendant's motion should be denied without prejudice to refiling after he has exhausted administrative remedies.

### B. Should The Court Reach the Merits, It Should Deny the Motion Because Defendant Has Failed to Present Any "Extraordinary and Compelling Reasons" Warranting a Sentence Reduction and Because He Poses a Danger to Public Safety.

Even if this Court had authority to grant Defendant's motion for a reduction of his sentence, it should be denied for two reasons. First, Defendant has not identified "extraordinary and compelling reasons" for that reduction within the meaning of § 3582(c)(1)(A). Second, Defendant poses a significant danger to the public, and the statutory sentencing factors do not weigh in favor of his release.

#### 1. Defendant Has Not Identified "Extraordinary and Compelling Reasons" for a Sentence Reduction.

Defendant has failed to demonstrate the existence of extraordinary and compelling circumstances that warrant compassionate release, and his motion should be denied. Defendant argues that his sentence should be reduced for credits he alleges he would have received had he

been admitted into RDAP and successfully completed the program. (ECF No. 619, at p. 4.) Eligibility for RDAP as well as access to a sentence reduction upon successful completion of RDAP is within the BOP's discretion. *See Blair v. Leu*, 2023 WL 3831816, at *3 (E.D. Va. May 1, 2023) ("§ 3621(e) grants virtually unfettered discretion to the BOP. The statute provides that eligibility for RDAP is 'determined by the Bureau,'…and that the BOP 'may' reduce the sentence of prisoners convicted of a nonviolent offense who completed RDAP.") Thus, failure to be admitted into RDAP is not an extraordinary and compelling reason for a sentence reduction under § 3582(c). *Cf. United States v. Everett*, 2021 WL 322182, at *3 (W.D. Pa. Feb. 1, 2021) ("A pause in the RDAP program, however, doesn't rise to the level of an extraordinary circumstance, as envisioned by the statute."). Moreover, as noted above, one of the documents submitted by Defendant indicates that he has been placed on the list awaiting space in the program and will be admitted as soon as space is available. (ECF No. 619-3.) Reducing Defendant's sentence simply because space is currently unavailable in a BOP program is not the type of relief envisioned by § 3582(c). *See United States v. Lake*, 2019 U.S. Dist. LEXIS 148003, *7 (E.D. Ky. Aug. 30, 2019) ("The purpose of compassionate release is to reduce a term of imprisonment for extraordinary or compelling circumstances that could not have reasonably been foreseen at the time of sentencing").

For all of these reasons, Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c), and compassionate release is not warranted here.

## 2. The § 3553(a) Factors Strongly Weigh Against Release.

Alternatively, Defendant's request for a sentence reduction should be denied because the § 3553(a) factors weigh strongly against release. *See United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) ("a district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) without 'considering the factors set forth in section 3553(a) to the extent that they are applicable'").

The nature and circumstances of the offense as well as Defendant's history and characteristics weigh against a sentence reduction. Defendant's conduct was serious—he was involved in a drug conspiracy for several years during which he distributed a substantial amount of cocaine and also engaged in shooting at individuals over drugs. Defendant also has a criminal history that includes multiple drug-related and firearm-related convictions as well as a conviction for criminal domestic violence. Based on the circumstances of the offense and Defendant's history and characteristics, a significant sentence was needed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment and adequate deterrence to future criminal conduct. Defendant's current sentence satisfies these factors. Thus, reducing Defendant's sentence would not satisfy the § 3553(a) factors.

Accordingly, in light of Defendant's record and the totality of relevant circumstances, this Court should deny the motion for a sentence reduction.

## Conclusion

For these reasons, this Court should deny Defendant's motion for a sentence reduction without prejudice for failure to exhaust administrative remedies or, in the alternative, deny the motion on the merits.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By:   s/*Lauren L. Hummel*
       Lauren L. Hummel (Fed. Id. 12523)
       Assistant United States Attorney
       401 West Evans Street, Room 222
       Florence, South Carolina 29501
       843-667-3993
       lauren.hummel@usdoj.gov

August 23, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: 4:19-cr-198-MGL |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| TRAVIS MCCONICO, JR., | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| Defendant. | ) | |
| | ) | |

The undersigned hereby certifies that she, as attorney of record, has caused an employee in the Office of the United States Attorney for the District of South Carolina, on August 23, 2023, to serve a copy of the Government's Response to Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) by placing a copy in a postage-paid envelope to the individual listed below:

    Travis McConico, #34201-171
    FCI Petersburg Medium
    Federal Correctional Institution
    P.O. Box 1000
    Petersburg, VA 23804

    Respectfully submitted,

    ADAIR F. BOROUGHS
    UNITED STATES ATTORNEY

    By: s/*Lauren L. Hummel*
        Lauren L. Hummel (Fed. Id. 12523)
        Assistant United States Attorney
        401 West Evans Street, Room 222
        Florence, South Carolina 29501
        843-665-6688
        lauren.hummel@usdoj.gov

August 23, 2023
Florence, South Carolina